UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON H. HALL,

        Petitioner,

                      CASE NO. 05-CV-73906-DT
v.                         HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION
FOR A WRIT OF HABEAS CORPUS**

**I.**    **Introduction**

Jonathon H. Hall ("Petitioner"), a state prisoner confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus asserting that he is being held in violation of his constitutional rights. Petitioner pleaded *no lo contendere* to armed robbery and possession of a firearm during the commission of a felony in the Wayne County Circuit Court in 2002 and was sentenced to consecutive terms of nine to 20 years imprisonment and two years imprisonment. In his pleadings, Petitioner asserts that his sentencing guidelines were incorrectly scored and that his plea was illusory. For the reasons set forth below, the Court denies the petition for a writ of habeas corpus.

**II.**    **Facts and Procedural History**

Petitioner's conviction arises from the armed robbery of two women at their home in Detroit, Michigan on the evening of November 8, 2001. Petitioner and co-defendant Don Starks pleaded *no lo contendere* to armed robbery and felony firearm in exchange for dismissal of a home invasion

charge and an agreement that the prosecution would not object to sentencing at the bottom end of the sentencing guidelines. The following colloquy occurred at the plea hearing:

> THE COURT: All right. It's the Court's understanding that you are both tendering a plea of guilty to one count of armed robbery, which carries a statutory maximum penalty of life, and one count of felony firearm, which carries a statutory maximum penalty of two years which must be served prior to and in addition to the armed robbery sentence. And the People are going to dismiss the count of home invasion. Is that both of your understandings?
>
> DEFENDANT STARKS: Yes.
>
> DEFENDANT HALL: Yes.
>
> MR. FRIEDMAN [Petitioner's attorney]: There's a further understanding that the prosecution will not object to sentencing at the bottom end of the guidelines.
>
> MS. LINDSEY [Prosecutor]: I believe that's on the plea form.
>
> THE COURT: And I just put that on the record.
>
> MR. UPSHAW [Codefendant Starks' attorney]: And I think it's a no contest plea, also, your Honor.
>
> MR. FRIEDMAN: Yes, on behalf of Mr. Hall.
>
> MR. UPSHAW: And we would have no objection to believing that if the Court read the preliminary exam transcripts, or the police report, it would be sufficient for a conviction.
>
> THE COURT: All right. And what is the reason for the no-contest plea?
>
> MR. UPSHAW: Civil liability, your Honor.
>
> THE COURT: Do you agree?
>
> MR. FRIEDMAN: Yes.
>
> THE COURT: All right. Now, has anything other than what's been placed on the record been promised to either of you in order to get you to tender a plea of no-contest to these charges?
>
> DEFENDANT HALL: No.
>
> DEFENDANT STARKS: No.

>MR. UPSHAW: Your Honor, on behalf of Mr. Starks, I just would like to say that I had the opportunity and the luxury of going over the sentencing guidelines. And I would just like to state on the record that I, personally, calculated the guidelines at being 27 to 39 months on the robbery armed. Ms. Lindsey calculated the guidelines as being higher, at 42 to 70 months. I've explained to my client that that's my opinion, but it may come back with Ms. Lindsey's opinion, and if Ms. Lindsey wins, those would be his guidelines, 42 to 70 months. Thank you, your Honor.
>
>THE COURT: All right. Do you understand that, sir?
>
>DEFENDANT STARKS: Yes.
>
>THE COURT: Okay. Now, has anything other than what's been placed on the record been promised to either of you in order to get you tender a plea of no-contest to these charges?
>
>DEFENDANT STARKS: No.
>
>DEFENDANT HALL: (Nodding)
>
>THE COURT: You have to speak your answers.
>
>DEFENDANT HALL: No.

Plea Tr., pp. 3-5.

The pre-sentence investigator subsequently calculated the guidelines at 51 to 84 months. At sentencing, the prosecution argued that Petitioner should be scored an additional 50 points for terrorism under Offense Variable 7 ("OV 7"). The trial court agreed with the prosecution, scored 50 points for OV-7 with a guideline range of 108 to 180 months (nine to 15 years) imprisonment, and sentenced Petitioner to nine to 20 years imprisonment on the armed robbery conviction and a consecutive term of two years imprisonment on the felony firearm conviction. *See* Sent. Tr., pp. 7-8.

Petitioner then moved for re-sentencing or to withdraw his plea. The trial court denied the motion, finding that the court correctly scored OV 7 and correctly sentenced Petitioner at the bottom end of the guidelines in accordance with the plea agreement. *See* Sent. Tr., pp. 9-11, Motion Hrg. Tr. pp. 8-12.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims contained in his present petition. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Hall*, No. 249779 (Mich. Ct. App. Oct. 29, 2003). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Hall*, 470 Mich. 889, 682 N.W.2d 98 (2004). Petitioner's motion for reconsideration was also denied. *People v. Hall*, 471 Mich. 902, 688 N.W.2d 84 (2004).

Petitioner thereafter filed the present habeas petition, raising the following claims:

I.  The court should remand for resentencing where the scoring of 50 points for "terrorism" under OV 7 included reliance on facts not of record, an erroneous belief that the scoring be based upon the subjective view of the victim, and the lack of record evidence where the perpetrator's statements demonstrated a design to reassure the victims rather than increase their fear with overt threats.

II. The trial court erroneously denied his motion to withdraw his *no lo contendere* plea which had been entered pursuant to an illusory agreement to the bottom of the sentencing guidelines where there was a statement at the plea that this "would be" 42 months if the prosecutor won a scoring dispute and the court's ultimate scoring set the bottom of the guidelines at 108 months.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

**III.     Analysis**

    **A.     Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

4

>   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so

long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal for "lack of merit in the grounds presented," but did not specifically address Petitioner's claims, and the Michigan Supreme Court denied leave to appeal without discussing the substance of those claims. Accordingly, this Court must conduct an independent review of the state court's decision. *See, e.g., Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). This independent review requires the federal court to "review the record and applicable law to determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented." *Id.* at 943. This independent review "is not a full, de novo review of the claims, but remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA." *Id.*

### B.    Sentencing Variable Claim

Petitioner first asserts that he is entitled to habeas relief because the trial court erroneously scored 50 points for terrorism under OV 7 of the Michigan sentencing guidelines. Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review

6

unless the petitioner can show that the sentence imposed exceed the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's challenge to the scoring of the offense variables is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001). Petitioner has no federal constitutional right to be sentenced within Michigan's sentencing guidelines. *See Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error in scoring the guidelines does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo*, *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Petitioner may be asserting that his sentence was based upon inaccurate information relative to the scoring variables. A sentence may violate due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must also show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner has made no such showing. The record shows that the trial court relied upon the pre-sentence report in imposing sentence, and other permissible factors. Further, Petitioner had an opportunity to contest the scoring of the

guidelines. He thus cannot prevail on any claim that the trial court relied upon inaccurate information at sentencing.

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court relied upon facts not of record at sentencing in violation of his rights under *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). *Blakely* involved a trial court's departure from a state's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The maximum sentence is not determined by the trial judge but is set by law. *See People v. Claypool,* 470 Mich. 715, 730 n. 14, 684 N.W.2d 278 (2004) (citing Mich. Comp. L. § 769.8). The minimum sentence for a defendant is based on the applicable sentencing guidelines ranges. *Id*. Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. *See People v. Babcock*, 469 Mich. 247, 255 n. 7, 666 N.W.2d 231 (2003) (citing Mich. Comp. L. § 769.34(2)). The trial judge sets the minimum sentence, but can never exceed the statutory maximum sentence. *See Claypool,* 470 Mich. at 730 n. 14. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*, 542 U.S. at 304-05, 308-09.

In *People v. Drohan*, 475 Mich. 140, 160-64, 715 N.W.2d 778 (2006), the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme does not offend the Sixth Amendment right to trial by jury because a defendant is always subject to the statutory maximum sentence for purposes of *Blakely* and the Sixth Amendment does not entitle a defendant to a sentence below the statutory maximum. Because *Blakely* does not apply to indeterminate

8

sentencing schemes like the one utilized in Michigan, the trial court's scoring of the sentencing guidelines did not violate Petitioner's constitutional rights. *See Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Habeas relief is therefore not warranted on such a claim.

### C. Illusory/Involuntary Plea Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court denied his motion to withdraw his plea which was entered pursuant to an illusory plea agreement that he would be sentenced at the bottom of the guideline range. Petitioner claims that his plea was therefore not voluntary, intelligent, and knowing.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the record reveals that Petitioner's plea was knowing and voluntary. Petitioner was 22 years old at the time of his plea. There is no evidence of any mental or psychological problems which would have impaired his ability to understand his criminal proceedings or the

9

nature of his plea.  Petitioner was represented by legal counsel and conferred with counsel during the plea process.  The trial court informed Petitioner of the rights he would be giving up by entering his plea and informed Petitioner of the maximum sentences he faced.  The court informed Petitioner that his plea involved the dismissal of a home invasion charge and an agreement for a sentence at the bottom of the guidelines.  While sentencing possibilities as to co-defendant Starks were discussed during the plea hearing, the guidelines were not set as to either defendant.  Petitioner stated that he was pleading guilty of his own free will.  He also indicated that no promises, other than those contained in the plea agreement, had been made to induce him to plead guilty.

Petitioner's assertion that he was his plea was not knowing and voluntary is belied by the record.  As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite.  This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us.  "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).  The record shows that the trial court properly informed Petitioner about the content of the plea agreement and the sentencing consequences of his plea.  The court indicated that the plea included dismissal of a home invasion charge and an agreement for a sentence at the bottom of the sentencing guideline range.  The court made no further promises to Petitioner at the time of the plea.  While scoring guideline possibilities were mentioned by co-defendant's counsel with respect to the co-defendant, no mention was made of Petitioner's guidelines and no agreement

was reached as to the scoring of the sentencing guidelines. Having carefully reviewed the state court record, the Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

**IV.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

**IT IS SO ORDERED**.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 2, 2007

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 2, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290